IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| ANNETTE L. THIEL, d/b/a SWEET VALLEY PRODUCE, | ) ) ) | CV-09-168-BLG-RFC-CSO |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) ) ) | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| ANN M. VENEMAN, SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY ("FSA"), LAWRENCE NAYES, Individually and as agent of Defendant FSA, JEFFREY JANSHEN, Individually and as agent of the Defendant FSA, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

On October 12, 2011, United States Magistrate Judge Carolyn Ostby entered

her Findings and Recommendations in this case (*Doc. # 53*).  Magistrate Judge

Ostby recommends this Court grant in part and deny in part Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff has filed objections to the Findings and Recommendation and Defendants have filed a response to those objections.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981).

After an extensive review of the record and applicable law and having determined *de novo* those parts of the magistrate judge's findings and recommendation to which Plaintiff has objected, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, IT IS HEREBY ORDERED Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a

claim under Rule 12(b)(6) is GRANTED IN PART and DENIED IN PART in a manner consistent with Magistrate Ostby's Findings and Recommendations.

DISCUSSION

### 1. CONTINUING VIOLATIONS DOCTRINE

Plaintiff objects to Magistrate Ostby's ruling that all conduct under Plaintiff's Equal Credit Opportunity Act claim, arising before December 31, 2007, is barred by the two-year statute of limitations. Magistrate Ostby concluded that the statute of limitations period was not tolled by the continuing violations doctrine, the discovery rule or fraudulent concealment. Regarding the continuing violations doctrine, Plaintiff alleges that because of continuing violations, she has suffered disparate treatment, disparate impact based on discrimination. Further, Plaintiff alleges that in declining to apply the continuing violations doctrine, Magistrate Ostby erroneously misconstrued the rulings in *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 380 (1982) and *Ledbetter v. Goodyear Tire and Rubber Company,* 550 U.S. 618, 624 (2007).

In *Havens* and *Ledbetter*, the Supreme Court held that acts constituting a continuing violation should be treated differently from one discrete act of discrimination. Although *Havens* involved the Fair Housing Act, the Supreme Court held that where a plaintiff "challenges not just one incident of conduct

violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely filed when it is filed within [the statutory period] of the last asserted occurrence of that practice." *Id*. at 380-381. In *Ledbetter*, the Supreme Court held that if a plaintiff does not timely file charges for discrete acts of discrimination, subsequent nondiscriminatory acts that give present effect to past discriminatory acts do no result in new violations. *Id.,* 550 U.S. at 628.

After reviewing the Second Amended Complaint, this Court agrees with Magistrate Ostby, that at all times, Plaintiff alleges different individual acts that when viewed together, do not constitute a discriminatory pattern. In addition, because all allegations of unlawful conduct by Defendants fall under the the definition of "discrete acts," they were not only individually actionable, they also had to be brought within the applicable statutory limitations period. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 110–11 (2002).

Moreover because each discriminatory act was separately actionable, the Defendants' alleged discriminatory acts do not constitute a discriminatory pattern or practice as to preserve and tie untimely claims to substantially related timely claims. *Morgan*, 536 U.S. at 110-112. This Court agrees with Magistrate Ostby's conclusion that any effects alleged by Plaintiff that arises from these untimely discrete acts cannot give rise to any current legal action. *Ledbetter*, 550 U.S. at 628.

Lastly, to the extent that Plaintiff relies on Defendant FSA's Civil Rights

Action Team Report to establish disparate treatment, that Report was published

five years before Plaintiff's first allegation of discrimination by Defendant.  As

such, it is not sufficiently temporal in time as to establish disparate impact for the

purposes of overcoming the statutory limitations.  Other than the CRAT report,

Plaintiff provides no sufficiently plausible allegations of pattern, policy or

practices that would support disparate impact or disparate treatment based on

discrimination.  For the foregoing, reasons, this Court adopts Magistrate Ostby's

Findings and Recommendations denying the application of the "continuing

violations" doctrine.

## 2.  DISCOVERY DOCTRINE

Plaintiff objects to Magistrate Ostby's determination that the discovery doctrine

does not toll the ECOA's statute of limitations period.  Plaintiff contends that she

did not discover her alleged injuries until December 2009 and therefore, the

applicable statute of limitations should be tolled.

Relying *Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506, 507-508, (5th

Cir. 2008) and its interpretation of *TRW Inc. v. Andrews*, 534 U.S. 19, 27 (2001),

Magistrate Ostby concluded that discovery rule did not apply to statutes that key

the "start of limitations period to the date of the occurrence of the violation."

*Archer*, 550 F.3d at 509. The ECOA statute of limitations, as codified at 15 U.S.C. § 1691e(f), states that "[n]o such action shall be brought later than two years from the date of the occurrence of the violation." Consequently, contrary to the Plaintiff's contention, it is when Plaintiff's alleged injuries occurred rather than when she discovered them, that triggers the statute of limitations period. Other than conclusory allegations and discussions of inapplicable cases, Plaintiff provides no meritorious arguments that would lead this Court to a different conclusion. This Court finds that Magistrate Ostby correctly found that the discovery doctrine did not toll Plaintiff's claims.

### 3. FRAUDULENT CONCEALMENT

Next, Plaintiff contends that Magistrate Ostby erred when she concluded that the ECOA's limitations period should not be equitably tolled because Defendants fraudulently concealed the truth regarding Plaintiff's claims. As noted by Magistrate Ostby, fraudulent concealment is based on the principle that a party should not benefit from its own wrong doing. *Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1004 (9th Cir.2011). Further, fraudulent concealment focuses on actions taken by the defendant in preventing a plaintiff from filing suit. *Estate of Amaro v. City of* Oakland, 653 F3d 808, 813 (9th Cir. 2011).

Magistrate Ostby noted that the elements for fraudulent concealment or equitable estoppel are (1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance. *Watkins v. United States Army*, 875 F.2d 699, 709 (9th Cir.1989). Further, where estoppel is sought against a government agency, "there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Id.*, 875 F.2d at707-708.

In response, Plaintiff contends that Magistrate Ostby erred by only focusing on the alleged instances of fraud cited in her brief in opposition. Plaintiff contends that those instances cited in her brief were only examples of fraudulent concealment and that Magistrate Ostby should have *sua sponte* reviewed her Second Amended Complaint for more examples of fraudulent concealment.

This Court finds Plaintiff's reasoning to lack merit. First, on a motion to dismiss, the Plaintiff bears the burden of presenting a cognizable legal theory or allege sufficient facts that support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The burden is not on the Court to search the Complaint or the record to find legal or factual support for Plaintiff's Complaint.

Secondly, Magistrate Ostby correctly found that Defendants did not

fraudulently conceal from Plaintiff the fact that other loan applicants were not

asked to supply the same financial information.  Further, Magistrate Ostby found

that Plaintiff could not establish any injury based on fraudulent concealment

because Plaintiff received the loan at issue without any additional financial

information.  More importantly, Plaintiff has failed to sufficiently establish how

her allegations constitute a "serious injustice outweighing the damage to the public

interest of estopping the government."  *Amaro,* 653 F3d at 813.

For the foregoing reasons, this Court finds that Magistrate Ostby correctly

concluded that the Plaintiff cannot rely on fraudulent concealment in order to toll

the ECOA's limitation period.

4. *NAP CLAIM*

Next, Plaintiff claims that Magistrate Ostby erred when she denied

Plaintiff's ECOA claim based on denial of NAP benefits.  Magistrate Ostby noted

that the ECOA defines "credit" as "the right granted by a creditor to a debtor to

defer payment of debt or to incur debts and defer its payment or to purchase

property or services and defer payment therefor."  *15 U.S.C. § 1691a(d).*  The

Noninsured Crop Disaster Assistance Program (NAP)  "is designed to help reduce

production risks faced by producers of commercial crops or other agricultural

commodities. NAP will reduce financial losses that occur when natural disasters cause a catastrophic loss of production or where producers are prevented from planting an eligible crop." 7 C.F.R. § 1437.1(a).

A plain reading of NAP reveals that it does not fall within the definition of credit as contemplated by the ECOA.  Other than conclusory statements and legally unsupported arguments, Plaintiff has failed to establish that NAP creates a creditor relationship or involves a deferral of payment.  This Court concludes that Magistrate Ostby correctly found that Plaintiff's ECOA claim cannot be based on Plaintiff's denial of NAP benefits.

5. *DISABILITY*

Lastly, Plaintiff argues that Magistrate Ostby erred when she found that Plaintiff's carpal tunnel condition did not constitute a protected class under the ECOA.  A reading of the ECOA makes it unlawful for a creditor to discriminate against an applicant on the basis of "race, color, religion, national origin, sex or marital status, or age."  *15 U.S.C. § 1691(a).*  Because the ECOA does not contemplate disabled persons, Magistrate Ostby correctly concluded that Plaintiff cannot rely on her disability as support for her ECOA claim.

///

## CONCLUSION

After having reviewed Plaintiff's Objections to Magistrate Ostby's Findings and Recommendations, this Court finds all of her objections to be without merit. This Court concludes that Magistrate Judge Ostby's Findings and Recommendation reflect a clear understanding of the issues of the Defendants' Motion to Dismiss and provides sound legal reasoning in support of her conclusions. Therefore, after a *de novo* review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (*Doc. # 45*) be GRANTED IN PART and DENIED IN PART in a manner consistent with Magistrate Ostby's Findings and Recommendations (*Doc. #53*). The Clerk of Court shall notify the parties of the making of this Order.

DATED this 14th day of March, 2012.

*/s/ Richard F. Cebull*

RICHARD F. CEBULL

U. S.  DISTRICT JUDGE