# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| ANNETTE L. THIEL, dba SWEET VALLEY PRODUCE,<br><br>  Plaintiff,<br><br>vs.<br><br>ANN M. VENEMAN, SECRETARY OF UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY ("FSA"), LAWRENCE NAYES, Individually and as an agent of the Defendant FSA, JEFFREY JANSHEN, Individually and as an agent of the Defendant FSA,<br><br>  Defendants. | CV 09-168-BLG-RFC-CSO<br><br>FINDINGS & RECOMMENDATION |

Plaintiff Annette L. Thiel ("Thiel") filed this action seeking damages allegedly resulting from Defendants' commercial lending policies and practices. Now pending before the Court is Thiel's Motion for Entry of Judgment under Rule 54(b). *DKT 75.* For reasons set forth below, the Court recommends that this motion be denied.

## I. PERTINENT BACKGROUND

On October 12, 2011, the undersigned filed Findings and Recommendations, recommending that Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim be granted in part and denied in part. *DKT 53*. After considering Thiel's objections, Chief Judge Cebull adopted the Findings and Recommendations. *DKT 62*. Upon entry of his Order, all parties remained in the case.

On March 27, 2012, Thiel filed an appeal with the Ninth Circuit Court of Appeals. *DKT 64*. On April 19, 2012, the Court of Appeals noted that the district court's order "did not dispose of all the action as to all claims and all parties" and ordered Thiel to show cause why the appeal should not be dismissed for lack of jurisdiction. *Thiel v. Veneman,* Circuit No. 12-35231, *DktEntry* 4 (04/19/2012).

On May 4, 2012, Thiel responded that "it appears that this [appellate] court is technically correct" and that "it appears that a Rule 54(b) certification is in order." *Id. at DktEntry 5-1 (Appellant's Showing of Cause Why Her Appeal Should Not be Dismissed).* Thiel also

indicated an intent to bring the present motion pursuant to Fed. R. Civ. P. 54(b), and requested that the appellate court stay other proceedings in the district court. *Id. at 2.*

On May 25, 2012, Thiel filed the motion here under review, captioned "Plaintiffs [*sic*] Motion for Final Judgment Under Rule 54(b)." *DKT 75.*[1] Defendants oppose the motion.

On July 17, 2012, the Court of Appeals ordered:

> The motion to stay district court proceedings is held in abeyance pending determination of the motion for entry of judgment pending in the district court. Within 14 days after the district court rules on the motion for entry of judgment, appellant shall file a status report in this court, or a motion for appropriate relief. Briefing remains suspended.

*Id. DktEntry 12.*[2]

## II. PARTIES' ARGUMENTS

In support of her motion, Thiel argues that the District Court's

---

[1] Thiel did not separately file her supporting brief, as required by Local Rule 7.1(d)(1)(A), which states: "Briefs in support of a motion must be filed separately from the motion." Nor does Thiel's brief comply with the requirements of Local Rule1.5(a) as to the proper form for filed documents.

[2] Neither the Court of Appeals nor the parties provided this Order to the District Court.

decision "effectively gutted most of [her] case against the Defendants" and that if the case proceeds to trial under that decision, and if the Ninth Circuit reverses the decision, then "the first trial will have been a waste of time...." *DKT 75 at 4.* Thiel argues that the three requirements of Fed. R. Civ. P. 54(b) have been met – that is, (1) the case includes multiple claims; (2) the court rendered a final decision on at least one of those claims; and (3) there is no just reason for delay and more delay will impose a hardship on her.

In their response, Defendants first argue that there has been no final determination of an individual claim but rather a limitation of claims. Citing *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039-40 (9th Cir. 1991), Defendants assert that a partial adjudication of a single claim is not appealable under Rule 54(b). Even if there were an appealable ruling, Defendants argue that considerations of judicial efficiency preclude entry of a final judgment here. Defendants state that this case is "not one of the 'infrequent harsh' cases that warrant interlocutory appeal, nor is there a 'seriously important reason' that compels the immediate litigation of Thiel's

putative appeal." *DKT 76 at 7.*

In reply, Thiel states that there has been a final determination of several claims. Although her argument is not entirely clear, it appears that Thiel contends that there has been a final determination of Counts 3, and 4. *See DKT 80 at 4-5.* Thiel also specifically refers to: (1) the Court's ruling on the Equal Credit Opportunity Act's (ECOA), 15 U.S.C. § 1691, statute of limitations which limited her potential recovery to the two years preceding the filing of her Complaint, (2) dismissal of claims based on the Noninsured Crop Disaster Assistance Program ("NAP"); (3) Count 3 regarding alleged CFR violations; and (4) dismissal of punitive damages claims against the federal government. *See DKTs 75 at 8, 80 at 7.*

### III. <u>ANALYSIS</u>

A judgment entered as to fewer than all claims is generally not immediately appealable. But, pursuant to Fed. R. Civ. P. 54(b), a district court "may direct entry of a final judgment as to one or more [claims] ... if the court expressly determines that there is no just reason for delay. In considering a request to enter a final judgment under

54(b), a district court "must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC,* 442 F.3d 873, 878 (9th Cir. 2005), *citing Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7 (1980). If it finds that there has been an ultimate disposition of an individual claim, the district court must then determine whether there is any just reason for delay. *See also S.E.C. v. Platforms Wireless Intern. Corp.,* 617 F.3d 1072, 1084-85 (9th Cir. 2010) (confirming that "[r]eviewing the propriety of a Rule 54(b) certification is a two-step-process").

Turning to the first inquiry, the Court must examine whether any of the challenged rulings amount to ultimate dispositions of individual claims. This can be a complex question for the "line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure." *Wright, Miller & Kane, Federal Practice and Procedure 3d §2657 at 68.*

In its Findings and Recommendations, the Court reviewed Thiel's contentions (*DKT 53 at 2-8)* and summarized as follows the claims

presented in her Second Amended Complaint ("SAC"):

**Count 1:** Defendants discriminated against Thiel because of her sex, race, national origin, and disability with respect to a commercial loan in violation of the ECOA;

**Count 2:** Defendants discriminated against her as a member of a protected class, because of sex, race, national origin, and disability, with respect to her right to make and enforce contracts free from impairment by nongovernmental discrimination, in violation of 42 U.S.C. § 1981(a), (b), and (c),;

**Count 3:** Defendants violated the CFRs applicable to her, and to her loan processing, servicing, and counseling rights, and failed to promulgate CFRs in various instances;

**Count 4:** Defendants, including Janshen and Nayes, acted maliciously, fraudulently, wantonly, and oppressively toward her, for which she is entitled to punitive damages;

**Count 5:** Defendants' acts caused her to suffer severe and substantial emotional distress including humiliation, being held up to scorn in her community, and other physical and mental anguish; and

**Count 6:** Defendants violated her due process rights under the Montana and U.S. Constitutions by denying her property and funds without proper notice and hearing, and failed to safeguard her due process and equal protection rights in denying loans and other entitlements.

*Id.* at 8-9.

After the District Court's rulings, the following claims remain:

**Count 1:** Count 1 remains pending but is limited to the two-year

period within the statute of limitations, may not be based on alleged denial of NAP benefits, and may not be based on claims of alleged disability. All other ECOA claims remain pending under Count 1.

**Count 2:** This claim remains pending.

**Count 3:** This claim was dismissed for failure to state a claim, without prejudice to her ability to move for leave to amend.

**Count 4:** This claim seeks punitive damages based on the remaining claims. It was dismissed only as to the federal government, but remains pending as to the individual defendants.

**Count 5 and 6:** These claims remain pending.

Accordingly, the only claim dismissed in its entirety was Count 3. This dismissal was without prejudice to amendment, however, so does not form the basis for a final judgment under Rule 54(b). *See Indian Oasis-Baboquivari Unified School Dist. No. 40 v. Kirk*, 109 F.3d 634 (9th Cir 1997). In *Kirk*, as here, the plaintiffs appealed without obtaining an order pursuant to Rule 54(b). The Ninth Circuit held: "We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained." *Id. at 636.* Thus, this Court

concludes that a Rule 54(b) order with respect to the dismissal of Count 3 would be improper.

Thiel's primary concern appears to be that the District Court "effectively gutted" her case by the limitations imposed on Count 1, particularly the statute of limitations ruling. *See DKT 75 at 4, 80 at 7.* This Court understands Thiel's concerns about proceeding to trial on the remainder of the ECOA claims, knowing that if this ruling is reversed, a new trial may be necessary. But the courts that have considered this precise issue have ruled that, where part of the time period remains, a final order under Rule 54(b) is not proper.

In *Minority Police Officers Assoc. v. City of South Bend*, 721 F.2d 197, 201 (7th Cir. 1983), policemen brought suit alleging discrimination against blacks and Hispanics in hiring and promotions. The district court granted partial summary judgment on three issues, including a statute of limitations issue, and certified the order for appeal under Rule 54(b). The Seventh Circuit reversed, finding that the statute-of-limitations ruling was "outside the scope of Rule 54(b)." *Id.* The court found that the presumption should be against characterizing a pleading

as containing multiple claims for relief rather than one claim. *Id. at 200.* The court noted the "grave practical objections" to reading Rule 54(b) too broadly, noting the heavy caseload of the federal courts of appeals and finding: "Even if we decide all the issues raised by the present appeal, we are quite likely to have to decide a subsequent appeal in this case some day – the appeal from whatever final judgment the district judge enters on the claim of intentional discrimination that remains pending before him." *Id. at 200.* The court further explained:

> In a purely verbal sense both rulings disposed of separate claims: claims based on the time-barred acts, and claims of class members not named as plaintiffs. But the factual overlap appears to be complete. It is true that the alleged acts of discrimination occurred at different times and that those that occurred more than two years before the complaint was filed could not, under the district court's view, support a claim for relief. But the early acts would still be admissible, and would undoubtedly be introduced, to show the defendants' discriminatory motives and the scope and pattern of their unlawful conduct. *Cf. Schwartz v. Eaton*, 264 F.2d 195, 197-98 (2d Cir.1959). So whether we affirmed or reversed the district court's partial summary judgment in favor of the defendants on the time-barred claims, we would have to relearn the same set of facts if and when the case came back to us on appeal from the district judge's final judgment on the timely claims.

*Id. at 201.*

Under similar facts, the Eleventh Circuit reached a similar result,

writing:

> Even if we assume – contrary to reality – that the four categories of averments in the complaint are separable claims for Rule 54(b) purposes, although the statute of limitations ruling cuts across two of them, it did not dispose entirely of any one of the four categories.
> ****
> Because the district court's statute of limitations ruling did not dispose of separable claims, it was not a final judgment within the meaning of Rule 54(b). Instead, the ruling was merely an interlocutory order, which cannot be transformed under Rule 54(b) into a final order for purposes of expediting an appeal. Accordingly, we lack jurisdiction to review it.

*In re Southeast Banking Corp.*, 69 F.3d 1539, 1548-49 (11th Cir. 1995) (citations omitted). These rulings are consistent with the Ninth Circuit's holding in *Wood, supra (*422 F.2d at 879), in which the court discouraged "piecemeal appeals in cases which should be reviewed only as single units."

Like the case at issue in *Wood,* Thiel's case is a discrimination action. Even if the appeal of the order partially granting dismissal of portions of some of Thiel's claims were to proceed, it is likely that the case would again be appealed on the same facts. The practical effect of certifying the decision on a part of her ECOA claims (for example, on the NAP, disability contentions, and punitive damages) would

effectively deconstruct her discrimination claims "so as to allow piecemeal appeals with respect to the same set of facts." *Id. at 880.* *See also Arizona State Carpenters Pension Trust Fund v. Miller*, *supra,* 938 F.2d at 1040 (finding that a count for punitive damages is not "separate and distinct" from the remainder of the counts in the complaint).

Because the court finds that the present motion fails under the first part of the test, it need not reach the second part, i.e., the equitable considerations regarding the delay in the proceedings. The Court does note, however, that the filing of Thiel's appeal has likely delayed the ultimate disposition of this matter. As noted in *Wood*, '[t]he reality is that if this case had gone to trial in the ordinary course, it would long since have been over and done with." *Id. at 883.* This case has been pending nearly three years, having been delayed in large part by the parties' repeated requests for extensions of time. *See, e.g., DKTs 8, 11, 16, 21, 35, 38, 47, 50, 54, 56, 59.* Piecemeal appeals threaten to further prolong, rather than shorten, the time to final disposition of this relatively straightforward discrimination case.

## IV. CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that the Motion for Final Judgment Under Rule 54(b) be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 2nd day of October, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge