IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANNETTE L. THIEL, d/b/a SWEET VALLEY PRODUCE, | CV 09-168-BLG-DWM-CSO |
| Plaintiff, | |
| vs. | ORDER |
| ANN M. VENEMAN, SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY ("FSA"); LAWRENCE NAYES, Individually and as an agent of the Defendant FSA; and JEFFREY JANSHEN, Individually and as an agent of the Defendant FSA, | |
| Defendants. | |

Plaintiff Annette Thiel d/b/a Sweet Valley Produce (Thiel) filed this action

alleging discriminatory and disparate commercial lending policies and practices by

Defendants. Thiel's motion for entry of final judgment pursuant to Fed. R. Civ. P.

54(b) is pending. Judge Ostby entered findings and recommended denying Thiel's

motion. Thiel objected.

While Judge Ostby's findings and recommendation were outstanding, Thiel

1

moved to disqualify Judge Cebull. Judge Cebull denied Thiel's motion but reassigned the matter to Judge Molloy.

Thiel generally alleges the Farm Service Agency of the U.S. Department of Agriculture and its agents discriminated against her during the past decade by failing to give her preferential treatment as a: protected minority woman; beginning farmer; limited resources farmer; and family farmer. Thiel also claims Defendants discriminated against her on the basis of her race by failing to provide her with proper loan counseling, servicing, and processing because she is an American Indian woman.

Thiel's second amended complaint asserts six counts with various claims for relief. Count One alleges Defendants discriminated against her because of her sex, race, national origin, and disability with respect to a commercial loan, in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691. Count Two alleges defendants discriminated against her as a member of a protected class, because of sex, race, national origin, and disability, with respect to her right to make and enforce contracts free from impairment in violation of 42 U.S.C. § 1981(a)-(c). Count Three alleges Defendants violated applicable regulations in processing, servicing, and counseling Thiel's loans. Count Four alleges Defendants acted maliciously, fraudulently, wantonly, and oppressively toward her, for which she is

entitled to punitive damages. Count Five includes allegations of severe and substantial emotional distress. Count Six alleges Defendants violated Thiel's rights to due process and equal protection under the Montana and United States Constitutions by denying her property and other entitlements without cause and without proper notice and hearing.

Defendants moved to dismiss for lack of jurisdiction. Judge Ostby reviewed the motion and entered findings and recommendations granting Defendants' motion in-part. After considering objections, Judge Ostby's findings and recommendations were adopted in their entirety by Judge Cebull. Accordingly, portions of Thiel's lawsuit were dismissed with prejudice.

Judges Ostby and Cebull found Thiel's Equal Credit Opportunity Act Claims based on conduct occurring prior to December 31, 2007 were time-barred. Defendants' motion to dismiss was granted as to Count One to that effect. The Court found the acts of disparate treatment cited in the complaint constituted discrete acts of discrimination. It accordingly applied the doctrine that action for each discrete act of discrimination must be brought in the limitations period. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-17 (2002). The Court further found Thiel's arguments regarding delayed discovery of the discriminatory acts and fraudulent concealment without merit. Additionally, as to

Count One, the Court dismissed Thiel's claims alleging discrimination based on disability because disability is not a protected class under the Equal Credit Opportunity Act and dismissed her claim regarding denial of Noninsured Crop Disaster Assistance Program benefits because the program benefits do not meet the Act's definition of "credit."

The Court dismissed Count Three in its entirety because Thiel's claims that Defendants failed to promulgate regulations and violated regulations to her detriment lacked specificity as articulated in the Second Amended Complaint. Thiel's accusations failed to identify any particular regulation Defendants allegedly violated and failed to point to any statutory basis for allegedly deficient regulations. The allegations of Count Three simply state "Defendants have violated the CFR's [sic] applicable to [Thiel]" and "FSA has a duty to promulgate CFR's [sic] in various instances, which it failed to in this case, all to [Thiel's] detriment." The Court dismissed Count Three with leave to amend.

Count Four seeks punitive damages. The court dismissed Count Four to the extent that it seeks punitive damages against the federal government. Count Four remains pending as to Defendants sued in their individual capacity. Counts Two, Five, and Six remain pending in their entirety.

After Judge Cebull's adoption of Judge Ostby's findings and recommendations on Defendants' motion to dismiss, Thiel filed an appeal with the Ninth Circuit Court of Appeals. The Court of Appeals noted Judge Cebull's order adopting Judge Ostby's findings and recommendations on Defendants' motion to dismiss "did not dispose of all the action as to all claims and all parties" and ordered Thiel to show cause why the appeal should not be dismissed for lack of jurisdiction. *Thiel v. Veneman*, No. 12-35231, Doc. 4 (9th Cir. 04/19/2012).

Thiel then filed the pending motion and moved to stay her appeal. The Court of Appeals held an abeyance Thiel's motion to stay, until this Court's resolution of Thiel's motion for entry of judgment. Judge Ostby entered findings and recommendations concluding the same should be denied. Thiel objects.

When a party objects to any portion of a United States Magistrate Judge's findings and recommendations, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981).

When considering a request to enter final judgment under Federal Rule 54(b), a court first determines whether a final judgment ultimately terminating an individual claim has been entered. *Wood v. GCC Bend, LLC*, 442 F.3d 873, 878

5

(9th Cir. 2005). If so, the court then determines if there is just reason for delaying entry of judgment in consideration of the sound administration of justice. *Id.* The latter inquiry prioritizes juridical concerns, primarily to give effect to the policy "prevent[ing] piecemeal appeals in cases which should be reviewed only as single units." *Id*. at 878-79 (quoting *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir. 1986)).

The dismissal of Count Three and partial dismissal of Count Four of Thiel's second amended complaint do not form the basis for a final judgment under Rule 54(b). *See Indian Oasis-Baboquivari Unified School Dist. No. 40 v. Kirk*, 109 F.3d 634, 636 (9th Cir. 1997) (holding appeal of claims dismissed with leave to amend improper where Plaintiff does not chose to file an amended complaint); *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991) (holding a count for punitive damages does not constitute a separate claim under Rule 54(b)). Judge Ostby's findings and recommendations regarding Counts Three and Four are adopted in full.

Thiel objects because Judge Ostby's findings and recommendations allegedly confuse her view of which items constitute separate "claims" with individual "counts" recited in her second amended complaint. The confusion as to Thiel's view of the nature of her claims for relief is warranted, as she has

propounded dissonant characterizations of the factual allegations underlying

Count One. Initially, in answering Defendants' motion to dismiss, Thiel argued the

claims in Count One constituted an ongoing, unified pattern of discrimination, to

support her argument that the continuing violations doctrine ought apply to excuse

her from the statute of limitations. In the Rule 54(b) motion, Thiel now argues the

claims in Count One are not one unified pattern of discrimination but instead are

separate and distinct claims for which final judgment should be entered.

On *de novo* review, I agree with the result of Judge Ostby's findings and

recommendations but for a slightly different reason. An earlier order granted

Defendants' motion to dismiss claims in Count One arising from conduct prior to

December 31, 2007 because those claims allege discrete acts rather than a

continuing violation based on a pattern of discrimination. Thiel's claims based on

alleged denial of Noninsured Crop Disaster Insurance Program benefits and claims

of alleged disability were also dismissed.

Where claims allege discrete acts rather than an ongoing pattern of

discrimination, the continuing violation rule does not apply and the statute of

limitations time-bars claims arising greater than two years prior to the filing of an

action. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-11 (2002).

The determination that the allegations contained in Count One constitute discrete

acts of discrimination, and therefore some claims are time-barred, is incompatible with the notion that Count One is itself one unified claim for relief. Judge Ostby's findings and recommendations are adopted except to the extent that they embrace the view that the Court's earlier order did not terminate any individual claim asserted by Thiel. Judge Cebull's order granting Defendants' motion to dismiss as to discrete claims in Count One because they are either not covered by the Equal Credit Opportunity Act or are time-barred is a final order as to some of Thiel's claims.

Where a claim is fully and finally adjudicated on the merits, entry of judgment pursuant to Rule 54(b) may be proper if the Court determines there is no just reason for delay. *Wood*, 422 F.2d at 878. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id*. (quoting *Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

Just as was the case in *Wood*, Thiel's case is a routine discrimination action where several claims for relief are asserted. "[R]equesting—or granting a request for—certification in ordinary situations such as this is not routine." *Wood*, 422

F.2d at 879. Thiel's request for certification of final judgment pursuant to Rule 54(b) does not comport with the interests of sound judicial administration for the reasons set forth in Judge Ostby's findings and recommendations. If Thiel's appeal were to proceed, it is likely the case would again be appealed on the same facts. The practical effect of certifying the decision on her dismissed Equal Credit Opportunity Act claims would be to split her case, requiring separate trials and piecemeal appeals with respect to the same operative facts. Certification and piecemeal appellate jurisdiction to review claims, theories for relief, and proposed remedies is nonsensical and administratively burdensome. *Id*. at 880 n.4.

Accordingly, IT IS ORDERED Judge Ostby's findings and recommendations (doc. 81) are ADOPTED except as set forth above. Thiel's motion for final judgment under Rule 54(b) (doc. 75). is DENIED.

DATED this 28th day of March, 2013.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT