IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ANNETTE L. THIEL, d/b/a SWEET VALLEY PRODUCE,<br><br>Plaintiff,<br><br>vs.<br><br>ANN M. VENEMAN, SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>Defendants. | CV 09-168-BLG-DWM-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.    Background**

On June 12, 2013, attorney Terry F. Schaplow moved to withdraw as Plaintiff Annette L. Thiel's ("Thiel") counsel of record, indicating that he had attempted to contact Thiel by phone (both cell phone and land line), by email, and by U.S. Mail, all with no response from Thiel. *ECF 96.*[1]  He informed the Court that he had sent an email to Thiel to

---

[1] *"ECF"* refers to documents filed in this Court's Electronic Case Filing system maintained by the Clerk of Court's office.

advise her of his motion to withdraw. *Id.*

Based on the representations in Mr. Schaplow's Motion and Declaration (*ECF 96, 96-1)*, the Court granted the motion, and on June 13, 2013, directed Thiel to immediately retain new counsel or appear pro se. *ECF 98.* This Order instructed that "[f]ailure to retain new counsel or appear pro se within 30 days may result in the imposition of sanctions or dismissal of Plaintiff's case." *Id. at 2.* Plaintiff did not respond.

Thus, on July 25, 2013, the Court ordered Thiel to appear in writing by August 7 to show cause why her case should not be dismissed for failure to comply with the Court's June 13, 2013 Order. *ECF 101.* Thiel did not properly file a response. She did, however, send a facsimile transmission to the Clerk of Court's office, requesting an extension of time to respond to the Court's show cause order due to injuries she sustained in a car accident.

By order dated August 14, 2013, the Court effectively granted Thiel's request for an extension, and ordered Thiel to appear in person on September 26, 2013, at the James F. Battin United States

Courthouse in Billings, Montana, to show cause why her case should not be dismissed with prejudice for failure to comply with the Court's prior orders. *ECF 102.* This order indicated that "[f]ailure to appear will result in dismissal of her case." For Court scheduling reasons, this hearing was rescheduled for October 9, 2013. *ECF 103.*

## II. Show Cause Hearing

The Court convened the show cause hearing at the scheduled time on October 9, 2013. AUSA Mark Smith appeared on behalf of the United States. Thiel did not appear. The Court noted Thiel's absence and made a record of the Court's prior orders requiring Thiel to either appear pro se or retain counsel. Mr. Smith requested the case be dismissed.

## III. Analysis

Fed. R. Civ. P. 41(b) authorizes a defendant to move the Court to dismiss an action "[i]f the plaintiff fails ... to comply with ... a court order[.]" The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States*

*Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In considering dismissal, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, (2003) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

1. **Expeditious Resolution**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). This case has been pending since 2009. Moreover, Thiel has had more than four months to appear pro se or retain new counsel since the Court's first order requiring her to do so. To date, she has failed to comply and also has failed to show cause for her failure. Thiel is in violation of the Court's order. And, by her absence on October 9, 2013, Thiel has also failed to comply with the Court's August 14, 2013 order requiring her to appear at the show cause hearing. This

factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow the Court's orders. This factor weighs in favor of dismissal with prejudice.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Here, there is little doubt that Defendants have been prejudiced by Thiel's failure to prosecute this action. Defendants have been forced to attempt to defend the claims against them without the ability to

bring Thiel's action to completion. They have expended time and resources in their efforts to defend, further exacerbating the prejudice against them. This factor weighs in favor of dismissal.

### 4. Alternatives

The Court has considered alternatives to dismissal. In light of Thiel's repeated failures to comply with Court orders as outlined above, however, the Court is convinced that further delay would serve no purpose and would work further prejudice against Defendants. The Court is mindful of its obligations to pro se litigants and endeavored to fulfill them in this case. Thiel was given opportunities to comply with Court orders and to prosecute this action, and was specifically cautioned that her failure to appear would result in dismissal of her case. *See ECF 102.* She simply failed to attempt to comply with the Court's orders. Dismissal without prejudice is not adequate under such circumstances. Dismissal of this action with prejudice is appropriate.

### 5. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El*

*Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  This factor will always counsel against dismissal.

## III.  <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that this case be DISMISSED WITH PREJUDICE for Thiel's failure to follow the Court's Orders.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 10th day of October, 2013.

<u>**/s/ Carolyn S. Ostby**          </u>
United States Magistrate Judge